Submitted May 7, reversed and remanded June 23, 2010

**STATE OF OREGON,**
*Plaintiff-Respondent,*

*v.*

**DANIEL C. TALLEY,**
*Defendant-Appellant.*

Baker County Circuit Court
08685; A141492

234 P3d 153

Peter Gartlan, Chief Defender, and Daniel C. Bennett, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Stacey RJ Guise, Senior Assistant Attorney General, filed the brief for respondent.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Rosenblum, Judge.

PER CURIAM

## PER CURIAM

Defendant was charged with driving while under the influence of intoxicants (DUII) for an incident that occurred in August 2008. He then petitioned to enter a DUII diversion program. *See* ORS 813.210(1) (providing that, "[a]fter an accusatory instrument has been filed charging the defendant [with DUII], a defendant may file with the court a petition for a [DUII] diversion agreement described in ORS 813.200"). The state, in opposition, urged the court to exercise its discretion to deny the petition based on defendant's previous participation in a DUII diversion program in 1988 and his convictions for DUII in 1992 and 1995.

The trial court denied defendant's petition to enter a diversion program, but not for the discretionary reasons urged by the state. Rather, the court concluded that it was *required* to deny the petition because defendant had previously participated in a DUII diversion program, albeit 20 years earlier. The court relied on ORS 813.220(8), which provides that the court

> "[s]hall deny the petition for a driving while under the influence of intoxicants diversion agreement *if the defendant participated in a driving while under the influence of intoxicants diversion program* or in any similar alcohol or drug rehabilitation program, other than a program entered into as a result of the charge for the present offense, in this state or in another jurisdiction *after the date the defendant filed the petition.*"

(Emphasis added.) Defendant subsequently entered a conditional guilty plea to one count of DUII, reserving the right to appeal the trial court's denial of his petition to enter a diversion program.

On appeal, defendant argues that the trial court misinterpreted ORS 813.220(8), ignoring the latter part of the statute. As defendant points out, that statute applies only to circumstances in which participation in another DUII program occurs "after the date the defendant filed the [present] petition." *Id.* In this case, the participation occurred some 20 years before the present petition was filed.

The state concedes that the trial court erred in relying on ORS 813.220(8) when denying defendant's petition to enter a diversion program. The state further concedes that defendant should have an opportunity to withdraw his guilty plea and argues that, in the event that he does so, the trial court should make a discretionary determination whether to allow defendant to enter the diversion program. *See State v. Wright*, 204 Or App 724, 726, 131 P3d 838 (2006) ("Once a defendant establishes eligibility, whether contested or not, the decision to allow diversion in a particular case is a matter of discretion left to the trial court.")[1] We agree with the state's concession of error, as well as its proposed disposition.

Reversed and remanded.

---

[1] Under the 2007 version of the statute, a defendant who had participated in a diversion program or been convicted of DUII within 10 years of the present offense was ineligible to participate in a diversion program. ORS 813.215(1)(b), (e) (2007). Given the age of defendant's prior convictions and participation in a DUII diversion program, those statutory disqualifications do not apply in this case.